UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

```
MICHAEL D. HICKMAN,                    )  1:09-cv—02099-SKO-HC
                                       )
          Petitioner,                  )  ORDER DISMISSING THE PETITION FOR
                                       )  FRIVOLITY AND LACK OF SUBJECT
                                       )  MATTER JURISDICTION
     v.                                )  (Doc. 1)
                                       )
SUPERIOR COURT OF THE STATE OF         )  ORDER DENYING PETITIONER'S MOTION
CALIFORNIA, COUNTY OF KINGS,           )  FOR AN ORDER AS MOOT (Doc. 6)
                                       )
          Respondent.                  )  ORDER DECLINING TO ISSUE A
                                       )  CERTIFICATE OF APPEALABILITY
_____)
                                          ORDER DIRECTING THE CLERK TO
                                          CLOSE THE ACTION
```

Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition filed on November 17, 2009, in which he seeks a writ of mandate or prohibition commanding the Respondent state court to reverse its earlier denial of Petitioner's motions and instead to grant a motion to set aside a guilty verdict, a recusal motion, and a motion to discharge Petitioner's appointed counsel that Petitioner made in October 2009, during the pendency of criminal charges against him in Respondent court. Petitioner also requests a stay of the action

1

and the issuance of an alternative writ or order to Respondent to show cause why the relief prayed for should not be granted. (Pet. 1-2, 4.)

     I.   <u>Screening the Petition</u>

The Court must screen complaints brought by prisoners seeking relief against a governmental entity or officer. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the Court determines that an allegation of poverty is untrue or that the action is 1) frivolous or malicious, 2) fails to state a claim upon which relief may be granted, or 3) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b), 1915(e)(2).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. <u>Swierkiewicz v. Sorema N. A.</u>, 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." <u>Swierkiewicz</u>, 534 U.S. at 512. Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." <u>Ashcroft v. Iqbal</u>, 129 S.Ct. 1937, 1949 (2009) (citing <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" <u>Iqbal</u>, 129 S.Ct.

2

1  at 1949 (quoting <u>Twombly</u>, 550 U.S. at 555).  While factual
2  allegations are accepted as true, legal conclusions are not.  <u>Id.</u>
3  at 1949.
4      Determining whether a complaint states a plausible claim for
5  relief is generally a context-specific task that requires the
6  reviewing court to draw on its judicial experience and common
7  sense.  However, where the well-pleaded facts do not permit the
8  court to infer more than the mere possibility of misconduct, the
9  complaint has not shown that the pleader is entitled to relief."
10 <u>Iqbal</u>, 129 S.Ct. at 1950.  A claim has facial plausibility "when
11 the plaintiff pleads factual content that allows the court to
12 draw the reasonable inference that the defendant is liable for
13 the misconduct alleged."  <u>Id.</u>  "[F]or a complaint to survive a
14 motion to dismiss, the non-conclusory 'factual content,' and
15 reasonable inferences from that content, must be plausibly
16 suggestive of a claim entitling the plaintiff to relief."  <u>Moss
17 v. U.S. Secret Service</u>, 572 F.3d 962, 969 (9th Cir. 2009).
18     If the Court determines that the complaint fails to state a
19 claim, leave to amend should be granted to the extent that the
20 deficiencies of the complaint can be cured by amendment.  <u>Lopez
21 v. Smith</u>, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc).
22 Dismissal of a pro se complaint for failure to state a claim is
23 proper only where it is obvious that the Plaintiff cannot prevail
24 on the facts that he has alleged and an opportunity to amend
25 would be futile.  <u>Lopez v. Smith</u>, 203 F.3d at 1128.
26     A claim is frivolous if it lacks an arguable basis either in
27 law or fact.  <u>Neitzke v. Williams</u>, 490 U.S. 319, 324 (1989). A
28 frivolous claim is based on an inarguable legal conclusion or a

fanciful factual allegation.  Id.  A federal court may dismiss a claim as frivolous if it is based on an indisputably meritless legal theory or if the factual contentions are clearly baseless.  Id.

The test for malice is a subjective one that requires the Court to determine whether the applicant is proceeding in good faith.  Kinney v. Plymouth Rock Squab. Co., 236 U.S. 43, 46 (1915); see Wright v. Newsome, 795 F.2d 964, 968 n. 1 (11th Cir. 1986).  A lack of good faith is most commonly found in repetitive suits filed by plaintiffs who have used the advantage of cost-free filing to file a multiplicity of suits.  A complaint may be inferred to be malicious if it suggests an intent to vex the defendants or abuse the judicial process by relitigating claims decided in prior cases, Crisafi v. Holland, 655 F.2d 1305, 1309 (D.C.Cir. 1981); if it threatens violence or contains disrespectful references to the Court, id.; or if it contains untrue material allegations of fact or false statements made with knowledge and an intent to deceive the Court, Horsey v. Asher, 741 F.2d 209, 212 (8th Cir. 1984).

Further, it is Plaintiff's burden to allege a short and plain statement of the grounds for the Court's jurisdiction unless the Court already has jurisdiction and the claim needs no new jurisdictional support.  Fed. R. Civ. P. 8(a)(1); McNutt v. Gen. Motors Acceptance Corp. of Ind., 298 U.S. 178, 189 (1936).  Local Rule 204 provides:

> When an affirmative allegation of jurisdiction is required pursuant to Fed. R. Civ. P. 8(a)(1), it (i) shall appear as the first allegation of any complaint, petition, counterclaim, cross-claim or third party claim; (ii) shall be styled "Jurisdiction,"

4

      (iii) shall state the claimed statutory or other basis of federal jurisdiction, and (iv) shall state the facts supporting such jurisdictional claim.

Here, it is clear that Plaintiff is asking this Court to issue a writ of mandamus to a state court. Plaintiff cites Cal. Civ. Proc. Code §§ 1085 and 1086. However, these state statutes define the jurisdiction of a state court to issue writs of mandamus; they do not confer jurisdiction upon this Court to do so.

Title 28 U.S.C. § 1361 confers upon the district courts original jurisdiction of any action in the nature of mandamus, but it is limited to mandamus "to compel an officer or employee of the United States or any agency thereof" to perform a duty owed to the petitioner. 28 U.S.C. § 1361.

Further, although 28 U.S.C. § 1651 states that all courts established by Act of Congress "may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law," the courts lack subject matter jurisdiction to issue a writ of mandamus to a state court. <u>Demos v. United States District Court for the E. Dist. of Wash.</u>, 925 F.2d 1160, 1161-2 (9th Cir. 1991). Accordingly, the petition, which seeks an order directed to a state court, is frivolous as a matter of law. <u>Demos v. United States District Court for the E. Dist. of Wash.</u>, 925 F.2d 1160, 1161-2 (9th Cir. 1991).

Further, Plaintiff fails to state any basis for subject matter jurisdiction in this Court. Plaintiff does not appear to be asserting any right arising under federal statute, treaty, or the Constitution that would confer jurisdiction pursuant to 28

5

U.S.C. § 1331.

Accordingly, Plaintiff has failed to state a basis for jurisdiction in this Court.

## II. Certificate of Appealability

Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from the final order in a habeas proceeding in which the detention complained of arises out of process issued by a state court. 28 U.S.C. § 2253(c)(1)(A); Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). A certificate of appealability may issue only if the applicant makes a substantial showing of the denial of a constitutional right. § 2253(c)(2). Under this standard, a petitioner must show that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further. Miller-El v. Cockrell, 537 U.S. at 336 (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)). A certificate should issue if the Petitioner shows that jurists of reason would find it debatable whether: (1) the petition states a valid claim of the denial of a constitutional right, and (2) the district court was correct in any procedural ruling. Slack v. McDaniel, 529 U.S. 473, 483-84 (2000). In determining this issue, a court conducts an overview of the claims in the habeas petition, generally assesses their merits, and determines whether the resolution was debatable among jurists of reason or wrong. Id. It is necessary for an applicant to show more than an absence of frivolity or the existence of mere good faith; however, it is not necessary for an applicant to show that the

6

appeal will succeed. <u>Miller-El v. Cockrell</u>, 537 U.S. at 338.

A district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Rule 11(a) of the Rules Governing Section 2254 Cases.

Here, it does not appear that reasonable jurists could debate whether the petition should have been resolved in a different manner. Petitioner has not made a substantial showing of the denial of a constitutional right. Accordingly, the Court DECLINES to issue a certificate of appealability.

III. <u>Disposition</u>

Accordingly, it is ORDERED that:

1) The petition is DISMISSED for frivolity and lack of subject matter jurisdiction; and

2) Petitioner's motion for an order, filed on November 30, 2009, is DENIED as moot; and

3) The Court DECLINES to issue a certificate of appealability; and

4) The Clerk is DIRECTED to close the action because this order terminates the action.

IT IS SO ORDERED.

**Dated:   August 23, 2010**              /s/ Sheila K. Oberto
                                       UNITED STATES MAGISTRATE JUDGE